(No. 3874—

MARY RECKNOR, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed June 12, 1945.*

T. M. ANDERSON, for claimant.

GEORGE F. BARRETT, Attorney General; C. ARTHUR NEBEL, Assistant Attorney General, for respondent.

FISHER, J.

Claimant, Mary Recknor, is the surviving wife of Clark L. Recknor, who, on March 11, 1942, was employed by the State of Illinois, Division of Highways. He was classified as a laborer, at a wage rate of $.60 per hour. He continued to work in this capacity until the 8th day of July, 1944, at which time he was a member of a highway maintenance crew assigned to pick up broken tree limbs, brush and other debris that had been blown by a storm onto the highways during the preceding night. The crew drove in a Division Highway truck from Earlville on U. S. Route 34 to its juncture with the spur leading to the Village of Leland, LaSalle County. At this point the crew began loading the truck with debris. They proceeded North to the Village of Leland and then turned around and drove South. In these operations Mr. Recknor remained in the body of the truck to distribute the materials passed up to him by other workmen. The truck was driven approximately one and one-half miles south of Leland, where the debris was to be deposited preliminary to disposition by fire. Upon arriving at this point it was learned that Mr. Recknor was not on or near the truck. He was later found lying on the shoulder of the highway a short distance to the North. He was apparently unconscious, and a doctor was called immediately. Dr. O. H. Fischer of Earlville arrived in about forty-five minutes and pronounced Mr. Recknor dead.

Mr. Kenneth Schroeder, who was driving a truck for the Hannah Oil Company, reported as follows:

"On the morning of July 8, 1944, I was traveling north on U. S. Route 34, in a Hannah Oil Co. truck south of Leland. A yellow Divi-

sion of Highways truck traveling south approached my truck. When the highway truck was about 300 feet away I saw some branches with leaves on them raise up above the truck body. Immediately after this I saw a large tree branch raise up above the truck body. I then saw a man raise up and grab at the side of the truck. The large tree branch raised out of the truck and fell onto the shoulder. The man fell over the side of the truck after the large branch went out. I stopped my truck on the slab opposite the body and got out. The body was on the shoulder with the feet four or five inches from the slab and about square with the pavement. The man was on his right side. I removed some branches that were on top of him. He was bleeding quite a bit from the nose and ears. I held his wrist to feel his pulse. It lasted two or three minutes, then I could not feel it. I flagged a south bound car with two men in it. They stopped and one of the men ran into a nearby house and called a doctor and ambulance."

Dr. O. H. Fischer, reported to the Division of Highways, as follows:

"Patient fell off a moving truck, apparently landing on his head, which resulted in a basal skull fracture, evidenced by copious bleeding from the ears and nose. I was called to see the patient on the highway. He had expired shortly before I arrived at the scene of the accident."

The record consists of the Complaint, Departmental Report, Stipulation, Claimant's Abstract, Brief and Argument, and Waiver of Brief and Argument by Respondent.

The material facts of this case are admitted by stipulation.

Decedent left his wife him surviving, and no children under the age of 16 years. His salary for the year prior to his death amounted to $1,336.80.

We conclude that Clark L. Recknor and respondent were operating under the provisions of the Workmen's Compensation Act; that the said Clark L. Recknor died as a result of injuries sustained during the course of and within the scope of his employment; and that the surviving wife of decedent is entitled to the benefits of the Workmen's Compensation Act.

Under Section 7, paragraphs (a) and (1) of said Act, claimant as surviving wife and beneficiary of the decedent, is entitled to have and receive from respondent the sum of Four Thousand Seven Hundred Dollars ($4,700.00), payable at the rate of $15.09 per week.

An award is therefore entered in favor of claimant, Mary Recknor, in the sum of Four Thousand Seven Hundred Dollars ($4,700.00), payable as follows:

$724.32, which is accrued up to June 9, 1945 and is payable forthwith;

$3,975.68, payable in weekly installments of $15.09 beginning June 16, 1945.

This award is subject to the approval of the Governor as provided in Section 3 of "An Act concerning the payment of compensation awards to State employees."